PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. NIXON, | ) | CASE NO. 4:11CV02379 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| F.C.I. ELKTON WARDEN FARLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

Before the Court is *pro se* Petitioner Timothy J. Nixon's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names F.C.I. Elkton Warden Robert L. Farley as Respondent. ECF No. 1. He seeks immediate release or a reduction in the length of his federal prison term. ECF No. 1 at 5.

**I. Background**

**A. Procedural History**

Petitioner was named in a Bill of Indictment filed in the United States District Court for the Western District of North Carolina ("W.D. N.C."). See *U.S. v. Nixon, et al.*, No. 3:00CR00222 (W.D. N.C. filed Nov. 7, 2000).[1] A superceding Bill of Indictment was filed the

---

[1] The Petition provides very few relevant facts regarding his case. Because the Court "may take judicial notice of proceedings in other courts of record," *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)), the Court will discern Petitioner's procedural history from the docket in his criminal case through Public Access to Court Electronic Records (PACER).

(4:11CV02379)

following day charging Petitioner with numerous drug and firearm offenses. *Id*. at ECF No. 3 (W.D. N.C.). Subsequently, the government filed a Notice of Intent to seek enhanced penalties pursuant 21 U.S.C. §§ 841, 851. *Id*. at ECF No. 14 (W.D. N.C.).

The parties filed a written Plea Agreement on February 1, 2001. *Id*. at ECF. No. 35 (W.D.N.C.). Consistent with the Agreement, Petitioner entered voluntary pleas of guilty to Count One (knowingly, willfully and unlawfully conspiring to possess with intent to distribute, and distribute, a quantity cocaine and cocaine base), Count Eight (knowingly, willfully and unlawfully using and carrying a firearm in furtherance of Count One), and Count Nine (as a convicted felon, knowingly, willfully and unlawfully possessing a firearm in and affecting interstate commerce) as set forth in the Superseding Bill of Indictment. *Id*. at ECF Nos. 3; 35 (W.D.N.C.).

After Petitioner entered his pleas of guilty, the government filed a Motion for Downward Departure pursuant to 5K1.1, based upon Petitioner's substantial assistance. *Id*. at ECF No. 96 (W.D. N.C.). Judge Lacy H. Thornburg granted the motion for downward departure and sentenced Petitioner to concurrent terms of 180 months and 120 months for Counts One and Nine, respectively and a consecutive term of 60 months for Count Eight.

Petitioner timely filed a Notice of Appeal with the Fourth Circuit Court of Appeals. *Id*. at ECF No. 103 (W.D. N.C.). He later withdrew the appeal which the Fourth Circuit dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure on February 14, 2003. *Id*. at ECF. No. 111 (W.D. N.C.).

(4:11CV02379)

Subsequently, Petitioner moved the district court of the W.D. N.C. to vacate or set-aside his sentence pursuant to 28 U.S.C. § 2255. *Id.* at ECF. No. 113 (W.D. N.C.); *see Nixon v. U.S.*, 3:03cv451 (W.D. N.C. 2003). The motion was premised upon allegations of ineffective assistance of counsel. *See Nixon*, No. 3:00cr0222 at ECF No. 113; *Nixon*, No. 3:03cv451 at ECF No. 1. The trial court denied the motion on the merits. *See Nixon*, No. 3:00cr0222 at ECF. No. 117.

On January 17, 2006, Petitioner filed a second motion to vacate his sentence in the W.D. N.C. district court. *See Id.* at ECF No. 128 (W.D. N.C.). Petitioner implicitly challenged his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. *Id*. at ECF Nos. 128; 129 at 3. Without addressing the timeliness of the motion, Judge Graham Mullen held that Petitioner was barred from filing a successive motion to vacate until he obtained authorization to do so from the Fourth Circuit Court of Appeals. *Id*. at ECF No. 129; *see* 28 U.S.C. § 2244(3)(A). Because Judge Mullen determined that there was no record demonstrating that such an authorization was ever sought by Petitioner, Judge Mullen dismissed the successive motion to vacate. *Id*. at ECF No. 129.

Appointed counsel filed a motion to "Reduce Sentence Re Crack Cocaine Offense" pursuant to 18 U.S.C. 3582(c)(2). *Id*. at ECF No. 142. Judge Mullen denied the motion based upon the reasoning that no reduction in sentence was warranted because Petitioner's original sentence was based on a statutory minimum. *Id*. at ECF No. 151. Petitioner immediately appealed to the Fourth Circuit, which affirmed Judge Mullen's Order. *See Nixon*, No. 3:00cr0222 at ECF No. 163.

(4:11CV02379)

Finally, the Fourth Circuit denied Petitioner's motions filed pursuant to 28 U.S.C. § 2244 and requesting leave to file successive motions to vacate pursuant to 28 U.S.C. § 2255.[2] *Id.* ECF Nos. 168; 171. After these rulings were issued by the Fourth Circuit, Petitioner initiated the instant case, pursuant to 28 U. S. C. § 2241. ECF No. 1 (N.D.OH.).

### B. Writ of Habeas Corpus Petition

Petitioner asserts he is entitled to habeas relief because the sentence imposed by the trial court was invalid. ECF No. 1. Specifically, he claims that the government improperly relied upon a prior conviction in the State of North Carolina to enhance his federal sentence. ECF No. 1 at 2-3. Petitioner argues that the sentence imposed for that State offense was less than one year and, thus, did not qualify as a felony. ECF No. 1. He maintains that he has raised this issue several times in the past but could not advance his position until the Supreme Court issued its opinion in *Carchuria-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). ECF No. 1 at 5.

*Carchuria–Rosendo* involved an alien who sought discretionary cancellation of his removal from the United States pursuant to 8 U.S.C. § 1229b(a). An Immigration Judge denied the request after holding that Carchuria–Rosendo's second simple possession conviction was an "aggravated felony," rendering him ineligible for cancellation of removal under the statute. The decision was appealed and ultimately affirmed by the Fifth Circuit, which held that any "'conduct' that 'hypothetically' 'could have been punished as a felony' 'had [it] been prosecuted in federal court' is an 'aggravated felony' for federal immigration law purposes." *Id*. at 2584

---

[2] The docket does not reveal any motion or request filed by Petitioner. He did, however, file a Motion for Leave to File an Out of Time Notice of Appeal on May 23, 2005. *See* No. 3:00cr0222, at ECF. No. 124. There is no indication a ruling was filed on the Motion.

(4:11CV02379)

(quoting *Carchuria–Rosendo v. Holder*, 570 F.3d 263, 265 (5th Cir. 2009)).

The Supreme Court reversed the Fifth Circuit, holding that the defendant's second Texas offense was not "aggravated felony" when it was not based a prior conviction. *Carachuri-Rosendo*, 130 S.Ct. at 2582-83, 2585-90. Shortly after *Carchuria*, the Court vacated *U.S. v. Simmons*, No. 08-4475, 2009 WL 2371939 (4th Cir. Aug. 4, 2009), and remanded it to the Fourth Circuit for "further consideration in light of *Carachuri-Rosendo*." *See U.S. v. Simmons*, 130 S.Ct. 3455 (2010).

Petitioner asserts that his case is factually analogous to *Simmons*. ECF No. 1 at 3-4. In *Simmons*, the defendant pled guilty to federal drug trafficking charges. *Simmons*, 2009 WL 2371939, at *1. Upon notice of enhancement pursuant to 21 U.S.C. § 851, the government recommended the enhancement of his sentence based upon a prior state conviction for marijuana possession. *Id*. Relying upon a hypothetical analysis of the sentencing provisions, the district court determined that Simmons's offense qualified as one punishable by imprisonment for more than one year. *Id*. This conclusion was reached despite Simmons' criminal history having eliminated any possibility that he would be eligible for imprisonment. *Id*. The district court's determination triggered a sentencing enhancement under the Controlled Substances Act, doubling Simmons's minimum sentence. *Id*. The Fourth Circuit affirmed the sentence on appeal. That ruling was reversed and remanded by the Supreme Court. *Id*. at *4.

5

(4:11CV02379)

On remand, an appellate panel of the Fourth Circuit held that *Carachuri_Rosendo* did not require any change in the court's prior holding. *See U.S. v. Simmons*, 635 F.3d 140 (4th Cir. 2011). *En banc*, the Circuit, subsequently, decided to vacate Simmons' sentence and remanded the case to the district court for further proceedings consistent with its opinion. *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

Petitioner argues that, like the defendant in *Simmons*, his sentence was improperly enhanced pursuant 21 U.S.C. § 851. Like the defendant in *Simmons*, Petitioner claims that he was arrested and charged in the State of North Carolina on drug charges. The record confirms that, on February 26, 1998, Petitioner pled guilty to possession with intent to sell marijuana in the Superior Court of Mecklenburg County, North Carolina. ECF No. 1-6; *see North Carolina v. Nixon*, No. 99CRS-19965 (N. C. Super. Ct.). The sentence for that offense carried a maximum term of fifteen (15) months. ECF No. 1-10. The Superior Court imposed a sentence of no less than six months with a maximum term of eight months imprisonment, suspended the sentence, and imposed a term of thirty (30) months probation. ECF No. 1-11.

Petitioner maintains that he is entitled to relief through the savings clause of 28 U.S.C. § 2255(e) because (1) he is actually innocent and (2) "an intervening change in law [has] alter[ed] the definition of a crime." ECF No. 1 at 1-2.

## II. Analysis

### A. Initial Screening

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an

6

(4:11CV02379)

application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970) (internal citations omitted).

### B. 28 U.S.C. § 2241

Claims asserted by federal prisoners who seek to challenge their convictions or imposition of their sentences must be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. U.S.*, 593 F.2d 766, 770 (6th Cir. 1979). The statute does, however, provide that a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of the sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *U.S. v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).

Only under highly exceptional circumstances may a federal prisoner challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Pudelski v. Wilson*, 576 F.3d 595, 606 n.2 (6th Cir. 2009) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). To date, the savings clause of § 2255 has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003). Ultimately, it is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See*

7

(4:11CV02379)

*Charles*, 180 F.3d at 756.

Relying upon the Supreme Court's decision in *Carachuri-Rosendo*, Petitioner claims that he qualifies as actually innocent. This assertion is premised on his belief that the facts in *Simmons*, which was remanded by the Supreme Court based upon *Carachuri-Rosendo*, are identical to his case. ECF No. 1 at 2-3. Petitioner is mistaken. It bears noting that the defendant in *Simmons* challenged the enhancement of his sentence on direct appeal.[3] *Simmons* did not involve an intervening change in the law, but a defendant's direct challenge to his enhanced sentence.

**C. Actual Innocence**

Essentially, Petitioner claims actual innocence as a result of intervening case law, to wit, *Carchuri-Rosendo*.

A valid assertion of actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence. *See Martin*, 319 F.3d at 804; *U.S. v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). "Actual innocence" means factual innocence, rather than "mere legal insufficiency." *Martin*, 319 F.3d at 804. Petitioner's claim of actual innocence is premised upon his belief that his sentence was improperly enhanced. This challenge is, at best, one of "legal insufficiency," not "actual innocence" of the offenses to which he pled guilty. There is a distinction between a claim of legal deficiency and a claim of "actual innocence" of an

---

[3] As mandated by the statute, Simmons filed objections in the trial court to the enhancement of his sentence pursuant to § 851(c), thus preserving on direct appeal. *See Simmons*, 2009 WL 2371939, at *1. The record does not indicate that the Petitioner herein preserved the right to appeal his pleas of guilty or his sentence.

8

(4:11CV02379)

underlying offense charged in the indictment. See *Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485, *5 (E.D. Ky., May 26, 2004).

*Carchuri-Rosendo* has no bearing upon whether Petitioner is innocent of the crime for which he was convicted. That case merely limits the potential punishment the court may impose. *See e.g.*, *Roberts v. Snyder*, 77 Fed.Appx. 292, 2003 WL 21782621 (6th Cir. July 31, 2003) (analyzing actual innocence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (citing *Goode v. U.S.*, 305 F.3d 378, 385 (6th Cir.), *cert. denied*, 537 U.S. 1096(2002)).

Petitioner has not established that the remedy under § 2255 is inadequate or ineffective to test the legality of detention. More importantly, he has not established actual innocence or an intervening change in the law that establishes his actual innocence. Section 2255's savings clause is not an available option for challenges to one's sentence. That rarely used provision is reserved for those Petitioners claiming actual innocence of a conviction not just "innocence of" or the misapplication of a sentencing factor such as an enhancement. *See Lott v. Davis*, Case No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004) (explaining "it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."); *U.S. v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence.").

### III. Conclusion

Based on the foregoing, Petitioner's Request to Proceed *In Forma Pauperis* is granted (ECF No. 4), and this action is dismissed pursuant 28 U.S.C. § 2243. The Court certifies,

9

(4:11CV02379)

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


April 30, 2012                                /s/ Benita Y. Pearson
Date                                           Benita Y. Pearson
                                                   United States District Judge